```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREDKIEY HURLEY,                                :
                                                :
                          Plaintiff,            :
                                                :       1:16-cv-6077-GHW
             -against-                          :
                                                :       MEMORANDUM OPINION
                                                :          AND ORDER
MYRTLE FOOD & BEVERAGE, INC., *d/b/a*           :
*Tribeca Tavern, a New York for profit corporation*, :
                                                :
                          Defendants.           :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      The complaint in this action alleges violations of the accessibility provisions of the Americans with Disabilities Act. Since its filing, however, Plaintiff's counsel has taken very limited meaningful steps to prosecute this case and has repeatedly failed to comply with orders of this Court. Counsel's pattern of neglect has caused the Court and its staff to expend unnecessary time and resources in trying to move this case to a resolution. For the reasons stated below, this case is dismissed without prejudice for failure to prosecute and for failure to comply with numerous Court orders.

**I.    BACKGROUND**

      Plaintiff filed this action on July 31, 2016. On September 27, 2016, the Court adjourned the initial pretrial conference in this matter *sine die* in light of Defendant's non-appearance. Dkt. No. 8. That order also observed that Plaintiff had filed a "Request to Enter Default," *see* Dkt. No. 7, and stated that "[i]f Plaintiff wishes to obtain a certificate of default, Plaintiff is directed to consult Local Civil Rule 55.1 and Section 16 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, which set forth the procedures for obtaining a certificate of default." *Id.*

      On September 28, 2016, Plaintiff requested an adjournment of the initial pretrial conference, and noted that he had requested the entry of default on September 27, 2016. Dkt. No. 9. The

following day, the Court denied Plaintiff's adjournment request as moot, given that the initial pretrial conference had already been adjourned, and observed that Plaintiff's pending request for a Clerk's Certificate of Default was "insufficient to support the entry of default." Dkt. No. 10. The Court directed Plaintiff to file a renewed request for the entry of default, if he wished, no later than October 6, 2016, and advised that any such request should comply with Local Civil Rule 55.1 and Section 16 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. *Id.* That order also directed Plaintiff to file a status update letter no later than October 18, 2016. *Id.* Plaintiff did not renew his request for the entry of default by October 6, nor did he file the status update letter by October 18.

On October 19, 2016, the Court issued an order directing compliance with the Court's September 29, 2016 order "forthwith" and in any event, no later than October 24, 2016. Dkt. No. 12. That order warned that "failure to comply with the Court's orders may result in sanctions, including dismissal of this action." *Id.* On October 25, 2016, at Plaintiff's request, the Court extended Plaintiff's time to comply with the September 29 order to November 8, 2016. Dkt. No. 14. However, Plaintiff again failed to comply with the Court's September 29 order by the deadline set by the Court, and on November 9, 2016, the Court issued an order directing that Plaintiff file a status update letter no later than November 15, 2016. Dkt. No. 16. That order warned that "failure to submit the letter ordered by the Court may result in dismissal of this action for failure to prosecute, or the imposition of other sanctions." *Id.*

On November 15, 2016, Plaintiff filed a "Status Report" stating that Plaintiff had requested a Clerk's Certificate of Default and requesting 45 days from the entry of default to move for a default judgment. Dkt. No. 19. The Court thereafter issued an order on November 16, 2016, expressing concern that Plaintiff's counsel had not been reviewing the Court's orders, and referring to the Court's September 29, 2016 order, which clearly indicated that the "request pending at Dkt. No. 7 is insufficient to support the entry of default." Dkt. No. 20.

In the Court's November 16 order, the Court formally denied Plaintiff's pending request for

2

the entry of default, and permitted Plaintiff "a final opportunity to request a Clerk's Certificate of Default that complies with Local Civil Rule 55.1 and Section 16 of the S.D.N.Y. Electronic Case Filing Rules & Instructions." *Id.* The Court set a deadline of November 30, 2016 to make any such request. That order again warned that "failure to comply with the Court's orders may result in sanctions, including dismissal of this action." *Id.*

Plaintiff did not renew his request for the issuance of a Clerk's Certificate of Default by the November 30 deadline set by the Court. Accordingly, on December 1, 2016, the Court ordered Plaintiff to show cause as to why this action should not be dismissed without prejudice for failure to prosecute, no later than December 8, 2016. Dkt. No. 22. On December 8, 2016, Plaintiff filed a "Motion for Leave to E-File a Sealed Document." Dkt. No. 23. This submission, the content of which was difficult to decipher, suggested that Plaintiff was requesting leave to file a response to the December 1 order to show cause under seal. The basis for the request was unclear inasmuch as the request itself referred both to "information that is either privileged and [sic] confidential" and "Knowing and Intentional Disclosure of Privileged Settlement Communications." *Id.* The Court also notes that it is not possible to "e-file" a document under seal.

The Court denied Plaintiff's sealing request without prejudice the same day it was filed for failure to comply with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, which provides the protocol for requests to file documents under seal. Dkt. No. 24. In that order, the Court also observed that Plaintiff's request contained a "Certificate of Service" indicating that the request had been "served via the Court's CM/ECF filing system upon all parties of record," but that "no other parties have appeared in this action" so it was "unclear how Plaintiff served other parties via CM/ECF, as certified by counsel." *Id.*

Later on December 8, 2016, Plaintiff made two substantively identical filings. One filing is styled on the docket as a "Response to Order to Show Cause" while the other is styled as "Second Motion for Extension of Time to File." Dkt. Nos. 25, 26. These submissions read, in relevant part:

3

> Plaintiff, FREDKIEY HURLEY, by and on behalf of the parties, pursuant to the Federal Rules of Civil Procedure, this Court's Local Rules and all other applicable rules, statutes and procedures, hereby provides this Court with the following Status Report:
>
> 1. This Court had ordered the parties to provide a response to Order to Show Cause (*See* DE 22).
>
> 2. Defendant MYRTLE FOOD & BEVERAGE, INC. d/b/a TRIBECA TAVERN, has been properly served (*See* DE 6) with the Complaint (*See* DE 1).
>
> 3. Plaintiff asks for 15 days from the entry of Clerk's Default to file a Motion for Final Default due to Plaintiff's counsel unexpected health complications.
>
> 4. Defendant will not be prejudiced as Defendant(s) has not filed any responsive pleading.

As is evident from the quoted text, the submission does not offer an explanation as to why the action should not be dismissed for failure to prosecute, as requested in the Court's December 1 order to show cause. Nor does it request additional time to file a proper request for the entry of default. This submission again contains a certification from Plaintiff's counsel that a copy of the document "has been served via the Court's CM/ECF filing system upon all parties of record . . . ."

## II.   LEGAL STANDARD

### A.  Failure to Prosecute

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although appellate courts apply a number of factors in reviewing a district court's decision to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*,

4

No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

### B. Rule 16(f)

Fed. R. Civ. P. 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citation omitted).

### III. DISCUSSION

At this time, the Court finds that dismissal of Plaintiff's complaint without prejudice pursuant to Rule 41(b) is warranted due to Plaintiff's failure to take meaningful steps to prosecute this action. The only steps taken have been the filing of a deficient request for the entry of default, numerous requests for adjournments and extensions of time, and status reports reflecting a lack of diligence by counsel (and, as noted above, an apparent failure on counsel's part to adequately review

numerous orders issued by the Court).

The Court also finds that dismissal without prejudice pursuant to Fed. R. Civ. P. 16(f) is warranted. As the procedural history recounted above makes abundantly clear, Plaintiff's counsel has repeatedly failed to comply timely with orders of this Court, and has continually sought belated extensions of time to respond to orders, or made such requests at the very last minute, and these requests generally fail to explain why timely compliance has not been feasible. As noted, the Court has issued repeated warnings that violation of the Court's orders could result in dismissal. The Court has also considered whether a lesser sanction is appropriate, and concludes—in light of counsel's pattern of non-compliance with Court orders—that it is not. In any event, however, the Court is dismissing this action without prejudice to refiling.

The Court is dismissing Plaintiff's complaint after giving Plaintiff notice that his repeated violation of the Court's orders could result in such action. Defendant has not appeared, and thus will not be prejudiced by this dismissal.

While the Court is sympathetic to the suggestion that Plaintiff's counsel is ill, *see* Dkt. Nos. 25, 26, counsel's statement is vague, and is not accompanied by an attorney affidavit explaining the circumstances surrounding this assertion. And in any event, counsel's response to the Court's order to show cause again evidences a lack of attentiveness that has characterized counsel's conduct from the inception of this case. The content of Plaintiff's response suggests, yet again, that counsel has not been reviewing the Court's orders—despite the Court's repeated observations that Plaintiff's request for the entry of default was insufficient to support the issuance of a Clerk's Certificate of Default, and the Court's formal denial of that request on November 16, 2016, Plaintiff's latest submission suggests that counsel persists in her belief that there is a pending request for the entry of default.

## IV. CONCLUSION

Plaintiff's complaint is dismissed without prejudice for failure to prosecute and for counsel's

failure to comply with numerous orders of the Court. In dismissing this case, the Court echoes an observation made by Judge Brian Cogan of the United States District Court for the Eastern District of New York last year in another ADA accessibility case brought by Plaintiff's counsel: "The Court understands that plaintiff's counsel runs these cases on a volume basis and that is her business, but she must utilize reasonable process to get each case moving before this Court and cannot allow these scenarios to repeat themselves anymore. It is almost as if she is deliberately filing papers that cannot move the case forward in order to unreasonably delay it. Whether deliberate or not, she has to stop it, both in this case and in the others that she brings before this Court." *Taylor v. Happy M.E.W.S. Inc.*, No. 15-cv-5410 (BMC) (Dkt. No. 13).

      The Clerk of Court is directed to terminate all pending motions and to close this case. The Clerk of Court is further directed to send a copy of this order to Defendant by certified mail.

      SO ORDERED.

Dated: December 14, 2016  
New York, New York

                                             GREGORY H. WOODS  
                                             United States District Judge